(December 22, 1953.)

JAMES R. MCMILLAN, Appellant, v. FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

*Per Curiam.* This is an appeal from a judgment entered upon a dismissal of the complaint, granted at the close of the plaintiff's case.

The action was brought upon a collision insurance policy to recover for loss sustained by the plaintiff by reason of the damage to his automobile truck. The defense was that the insurance policy had been effectively cancelled for nonpayment of premium prior to the occurrence of the loss.

The policy of insurance had been issued as of January 23, 1951, pursuant to a binder which acknowledged the receipt of $49.25 on account of the premium and stated that the balance of the premium in the amount of $88.50 would be due on March 23, 1951. The plaintiff claimed that the binder did not correctly

express the agreement between the parties and that the defendant's agent had agreed that the balance of the premium might be paid in two installments, the first in two months, and the second in four months, after the date of the binder.

When the policy was issued it appeared that the total premium was $129.85, instead of $137.75; the balance unpaid was therefore $80.60, instead of $88.50.

No payment having been received by the company on March 23, 1951, the company served a notice that premium in the amount of $80.60 was due and a further notice that the policy was cancelled, effective seventeen days after the date on which the premium was due [April 9, 1951] "if payment is not received within that time ".

The accident in which the plaintiff's truck was damaged occurred on April 29, 1951. Upon the trial, the plaintiff's attorney claimed that there was an agreement by the defendant's agent to apply against the unpaid balance of the premium the proceeds of a claim against the defendant in the amount of about $40, alleged to be owing to the plaintiff's wife under another collision insurance policy for damages to her automobile. There was no evidence upon the trial that any such agreement had been made by the agent and there was no evidence that the agent had authority to settle the wife's claim and to apply the proceeds to the unpaid premium on the plaintiff's policy.

Upon this appeal, the claim of payment by application of the proceeds of the wife's claim was abandoned and a new point was raised that the notice of cancellation was ineffective because it demanded payment of the whole of the unpaid balance of the premium whereas, according to the plaintiff's version of his oral agreement with the defendant's agent, only half was due. Even if we assume that proof of the alleged oral agreement was admissible despite the parol evidence rule, the plaintiff's contention as to the ineffectiveness of the cancellation must be rejected.

The policy of insurance gave the defendant the absolute right to cancel at any time upon not less than five days' notice, provision being made for the refund of any unearned premium to the insured. The notice of cancellation was effective, even though the amount which it specified, as the amount to be paid to nullify the cancellation, was in excess of the amount then due, under the alleged oral agreement between the plaintiff and the defendant's agent. The plaintiff was not misled by the notice. He knew that the period covered by his initial payment had expired and that a further payment of premium would be required to avoid a cancellation of the policy. If the plaintiff desired to stand upon his claim of an oral agreement requiring him to pay only $40.30 on March 23d, he should have advised the company of that claim and should have tendered payment accordingly. The plaintiff not having paid or offered to pay any additional premium in any amount, the notice of cancellation remained in effect. What rights the plaintiff would have had, if he had offered to pay the amount which was owing according to his version of the agreement, we need not now consider since concededly nothing was offered.

This case does not involve any forefeiture; hence, the cases relied upon by the plaintiff dealing with the forfeiture of life insurance policies are inapplicable.

The judgment should be affirmed, with costs.

Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

Judgment affirmed, with costs.